IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUDE D. FERRELL                                                                                      PLAINTIFF

vs.                                     Civil No. 2:20-cv-02186

COMMISSIONER, SOCIAL                                      DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Jude D. Ferrell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on March 14, 2018. (Tr. 10). In his application, Plaintiff alleges being disabled due to major depressive disorder, general anxiety disorder, borderline personality disorder, type 2 diabetes, and bilateral knee degeneration. (Tr. 184). Plaintiff alleged an onset date of October 12, 2017. (Tr. 10). This application was denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself not the ECF page number.

initially and again upon reconsideration. (Tr. 64-106). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 26-63).

On November 13, 2019, the ALJ held an administrative hearing. (Tr. 26-63). At this hearing, Plaintiff was present and was represented by Matthew Ketcham. *Id.* Plaintiff and Vocational Expert ("VE") Larry L. Seifert testified at this administrative hearing. *Id.* During this hearing, Plaintiff testified he was forty-eight (48) years old, which is defined as a "younger individual," on the date of the hearing in this matter. *See* 20 C.F.R. § 404.1563(c) (2008). (Tr. 32). As for his education, Plaintiff testified he had graduated from high school and was "currently working on an associate's degree." (Tr. 32).

On January 27, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-25). The ALJ determined Plaintiff last met the insured status requirements of the Act on March 31, 2019. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset date of October 12, 2017 through his date last insured or through March 31, 2019. (Tr. 12, Finding 2). The ALJ determined through the date last insured, Plaintiff had the following severe impairments: diabetes, asthma, obesity, depression, and anxiety. (Tr. 12, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12-14, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14-20, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to occasionally climb, balance, crawl, kneel, stoop and crouch but must avoid concentrated exposure to pulmonary irritants like dusts, odors, and gases. He is limited to simple, routine, and repetitive tasks; is able to interact with supervisors, coworkers, and the public; and can respond to supervision that is simple, direct, and concrete.

*Id.*

The ALJ determined that, through his date last insured, Plaintiff was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform work as a (1) general production assembler (light, unskilled) with 60,041 such jobs in the nation; (2) content checker (light, unskilled) with 5,608 such jobs in the nation; and (3) labeler and tagger (light, unskilled) with 106,041 such jobs in the nation. (Tr. 21). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from October 12, 2017 (alleged onset date) through March 31, 2019 (date last insured). (Tr. 21, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-4). The Appeals Council denied this request on August 24, 2020. (Tr. 1-4). Thereafter, on October 19, 2020, Plaintiff appealed his administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 20, 2020. ECF No. 7. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 16-17.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); Ramirez *v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

With his appeal brief, Plaintiff raises three arguments for reversal.  ECF No. 16 at 1-10.  These three arguments are as follows: (A) the ALJ erred in finding his statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the medical evidence and other evidence in the record, "specifically as it pertained to the Plaintiff's low back pain that radiated into his lower extremities"; (B) the ALJ erred as it related to his assessment of Plaintiff's credibility and the proper RFC; and (C) the ALJ erred at Step Two of the Analysis in determining his bilateral knee disorder was not severe.  *Id.*  In response, Defendant claims Plaintiff has not offered a basis for reversal on any of these issues.  ECF No. 17.  The Court will address each of these arguments for reversal.

### A. Evaluation of Plaintiff's Pain

Plaintiff claims the ALJ improperly found his statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the medical evidence and other evidence in the record, specifically as it pertained to his back pain "that radiated to her [his] lower extremities." ECF No. 16 at 5-6. In making this argument, Plaintiff claims his subjective complaints are "completely consistent" with the medical records, and Plaintiff argues that none of his treating physicians found he was malingering. *Id.* Specifically, Plaintiff focuses on his subjective complaints related to his bilateral knee pain: "[t]he assertion that the Plaintiff was actually savvy enough to dupe *bilateral knee MRIs* and a cadre of medical doctors and psychiatric specialists regarding the seriousness of his conditions is quite simply impossible." *Id.* (emphasis added).

In assessing Plaintiff's subjective complaints, especially those related to his bilateral knee pain, the ALJ found the following:

> Medical evidence of record also documented that the claimant was being followed regularly by primary care physician Amita Heaser, M.D., who treated his chronic conditions including benign essential hypertension, asthma, hypertriglyceridemia, knee pain on Mobic, stable obstructive sleep apnea, stable dermatitis of the scalp, and morbid obesity. (Ex. 13F, p. 7.) Notably, on September 15, 2018, the claimant presented with Dr. Heaser and reported sinusitis with face pain, as well as bilateral knee pain for which meloxicam was no longer working. (Ex. 13F, p.8.) Dr. Heaser prescribed the claimant antibiotics for his sinus infection and continued the claimant's treatment for knee pain with meloxicam and Voltaren as well as referring him for an orthopedic consult. (Ex. 13F, p. 10.) *On September 14, 2018, x-rays of the claimant's knees revealed minimal degenerative changes and tiny joint effusions with some spurring off the medial facet of the patella. (Ex. 13F, p.22; 14F, p. 1).*

(Tr. 16) (emphasis added). Likewise, the ALJ found Plaintiff's MRI did not reveal "severe findings." (Tr. 15).

6

In his briefing, Plaintiff argues his MRI results are conclusive and demonstrate he is disabled, but the Court's review of those findings demonstrates his knee impairment is not disabling. As stated by Dr. Steven Smith, M.D., Plaintiff has evidence of "patellar maltracking and *slight abnormality* in the meniscus *but no definite tear seen*." (Tr. 657) (emphasis added). Thus, after reviewing the medical records and Plaintiff's claims regarding his knee impairment, the Court can find no basis for reversal on this issue.

**B. RFC Determination**

Plaintiff claims the RFC determination is not supported by substantial evidence in the record. ECF No. 16 at 7. Specifically, Plaintiff argues the record is not sufficiently developed such that the ALJ could make an informed "medical decision" as to his RFC. ECF No. 16 at 6-8. As an initial matter, and upon a review ALJ's RFC determination in this case, the ALJ considered an array of evidence and opinions in formulating the RFC. (Tr. 14-20, Finding 5). This was entirely proper. *See Despain v. Berryhill,* 926 F.3d 1024, 1028 (8th Cir. 2019) (holding that the ALJ, in determining the RFC, properly relied on treatment notes, the claimant's activities, and opinions of State agency physicians).

Furthermore, for Plaintiff to be entitled to a remand for further development of the record, he must make a demonstration of unfairness or prejudice or that additional record development would change the outcome of his case. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). Here, Plaintiff has not made this demonstration. ECF No. 16 at 6-8. Plaintiff offers little more than speculation that further record development—or additional testing being ordered— would change the outcome of his case. As such, this case will not be reversed and remanded for further development of the record.

### C. Step Two Evaluation: Knee Impairment

Plaintiff claims the ALJ erred by finding his knee impairment was non-severe. ECF No. 16 at 8-10. Plaintiff claims "the ALJ does not hardly discuss the Plaintiff's MRI-confirmed bilateral knee disorder, much less its effect on his RFC." *Id.* Despite Plaintiff's claim, however, the ALJ did consider Plaintiff's knee limitations and did consider the MRI results. (Tr. 14- 20). Based upon this Court's review of the record in this case, the Court finds the ALJ's determination—that his knee impairment was non-severe—is supported by substantial evidence in this case, including his very mild MRI results. Thus, this Court cannot find a basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE